UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RACHEL EDREI OHANA,

                    Plaintiff,

          -against-

MARS PETCARE U.S. INC.,

                    Defendant.

24-CV-1316 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction and asserting unspecified claims against Defendant Mars Petcare U.S., Inc. By order dated September 4, 2013, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff 60 days' leave to file an amended complaint.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

## BACKGROUND

Plaintiff brings her claims using the court's general complaint form to which she attaches

various documents. She checks the box on the form to invoke the court's federal question

jurisdiction, and in response to the question asking which of her federal constitutional or federal

statutory rights have been violated, Plaintiff lists "28 U.S.C. § 1331," which is the statutory basis

of the court's federal question jurisdiction. (ECF 1, at 2.) She states that she is suing Mars

Petcare U.S. Inc., but she does not provide an address for Defendant or state when or where the

events giving rise to her claims occurred. She provides no other information on the complaint

form except to write "see attached form" in the section of the complaint form asking her to state

the facts in support of her claims. (*See id.* at 5-6.)

Among the attachments to the complaint is a document bearing the caption of this case

and the case number from a previous action Plaintiff brought against Defendant in the United

States District Court for the Eastern District of New York.[1] That document is styled as a letter to

United States Magistrate Judge Robyn Tarnofsky of this court.

Plaintiff's letter begins,

> I'm a little concerned that your Decision will be like every courthouse,
> Commissioner office, and organization that I contacted and Shut me down once
> they heard that it's about: MARS PETCAR U.S. Inc A company that managed to
> take over the case Sabotage my case and shut me down in any possible way. I
> struggle and tried very hard to Make them understand that the case was dismissed

---

[1] Plaintiff's previous action against Defendant in the Eastern District of New York is
discussed in more detail below.

2

unfairly and unprofessionally. I'm asking though if it's possible, to read through Patiently as a Magistrate Judge For The Sdny Board of Judge's. To help me find a solution, a lawyer that will represent me in court in front of a different judge. A judge that will take a look at the case again and be fair. I sent the case to you. honor judge F. Tarnofsky due to a failed court lawsuit process that was misdirected or disposed Purposely with an Attempt to sabotage my case by the company the Federal Pro Se legal Assistance Project members. At the District Court Eastern District of New York. I would like To mention that: when I contacted the: Chief, judge, Debra Ann Livingston from the Court of Appeals for the second circuit. She even admitted that the pro se members Misdirected or Dispose my letters to the judge. Therefore, I Submit the document Under my daughter name For a safety reasons, And to avoid attempt to Delay my case purposely. I would like to mention, that I was Searching For any legal source for a long period of time to help me find justice regarding my case. Judge LaShnn DeArcy Hall, most likely have good Connection With the judge's at public commissioner office. That dismissed my cases without even reviewing it. (Exhibit. 1) I understand the Respect for Each other and for the company. 'mars peatcar Inc' but in this case there's to side of the story. They Choose their side only.

(*Id.* at 9.)[2]

In "expla[ining]" her "lawsuit complaint" to Judge Tarnofsky, Plaintiff states that in 2017, she received a "Patent design certificate for a cat food container." (*Id.* at 10.) For two years, she tried to find someone to invest in the design. In 2019, she emailed Defendant and "offered a partnership." (*Id.*) Defendant "respectfully declined [her] offer," but it "disrespected [her] right over [her] patent design, and with no consideration and respect . . . they Decided to Copy the design . . . [and to] produce it and sell it all over Europe and online as well." (*Id.*) Plaintiff discusses her difficulties in finding an attorney that will assist her with her case.

Plaintiff filed a *pro se* action in the United States District Court for the Eastern District of New York that was assigned to Judge LaShann DeArcy Hall. Plaintiff states that she filed a

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

complaint against Judge DeArcy Hall "at the commissioner office." (*Id.* at 11) She alleges that

the judge

> [d]elayed my case For two years. I Repeatedly asked the pro se what's the status
> of my case? they kept telling me over and over against that it's pending and I
> should wait to hear from the judge, And I did for too long. From year 2021-2023.
> We soon Entering the New Year 2024 I'm still trying to fight for my rights to do
> justice with my case.

(*Id.*)

Plaintiff writes, "All I wanted is that the commissioner will asked [Judge DeArcy Hall] to

Speed the process. She took it to far and with no explanation and Consideration she simply

dismissed the case[.]" (*Id.*) Plaintiff alleges that Chief Judge Livingston of the United States

Court of Appeals for the Second Circuit "claimed" that Judge DeArcy Hall closed Plaintiff's

case because Plaintiff had 30 days to file a motion, which Plaintiff alleges "is not true." (*Id.*)

Plaintiff appears to suggest that a letter or order from the district court was never sent to her. She

asserts that the Clerk "misdirected or Dispose[d] the letters." (*Id.*)

Plaintiff also appears to suggest that Defendant was somehow involved in Plaintiff's not

receiving the court's order or letter:

> After I send the court the lawsuit, the Marcelle has part of that scam as well he
> was the first one to except Bribe from the company. He was ordered to send a
> copy to the company attorney. The company responded of course, but what they
> agreed between them was clearly illegal. The company I strongly believe and I
> have no doubt about that That they bribe the marshal and the Clark. the clerk
> ordered the ordered the pro se members to misdirect my letters to the judge.
> However, i didn't know what to do in that point. They Sabotage the case and Shut
> me down in any possible way.

(*Id.* at 12.)

Plaintiff concludes the letter by stating that it "[h]urts" her that Defendant is "making

money on my account. selling my products making profit of it. While I'm searching for justice."

(*Id.* at 13.) She asks Judge Tarnofsky "to help my find the right judge that will agree to reopen

4

the case and do justice with me, and find me an attorney as well. I [am] willing of course to sign a contract to pay court fees and lawyer once justice will done in this matter." (*Id.*)

Plaintiff attaches multiple copies of the docket sheets for her case in the Eastern District, along with a copy of the judgment in that action. (*Id.* at 15-22.) Plaintiff also attaches correspondence with the Judicial Council of the Second Circuit indicating that on March 1, 2022, Plaintiff filed a complaint alleging misconduct by a district court judge; on September 23, 2022, Chief Judge Livingston dismissed the complaint; and on November 7, 2022, Plaintiff's petition for review of that dismissal was denied. (*Id.* at 24.) Plaintiff also attaches a letter from her landlord stating that Plaintiff is behind on her rent and that he "can't afford to give her a new lease until" she pays the $25,000 that she owes. (*Id.* at 8.)

The following information is taken from Judge DeArcy Hall's order dismissing Plaintiff's previous action against Defendant in the Eastern District. *See Ohana v. Mars Petcare US Inc.*, No. 21-CV-1019, ECF 22 (LDH) (RER) (E.D.N.Y. Dec. 29, 2022). Plaintiff alleged that in 2013, she invented and patented a "cat-head-shaped food container." *Id.* at 1. Plaintiff emailed Defendant and proposed the cat-head-shaped container as a "business idea," which Defendant declined, stating that it was not accepting inventions or ideas at the time. *Id.* at 2. In July 2020, Plaintiff saw a Whiskas advertisement on YouTube showing a cat-head-shaped cat food container, which she alleged was "identical" to her patented design. *Id.*

By order dated February 24, 2022, the court dismissed the complaint for failure to "meet the prima facie elements necessary to establish proper venue in the Eastern District of New York," *Id.* at 4. Venue for patent infringement claims is governed by 28 U.S.C. § 1400(b), which states that venue is proper "[1] in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of

business." 28 U.S.C. § 1400(b). The court determined that Plaintiff alleged only that Defendant

"resides" in Virginia, but she did not allege that it was incorporated in the Eastern District of

New York.[3] *Id.* at 3. The court further held that Plaintiff failed to allege that the infringement

occurred in the Eastern District or that the infringing product was sold in the Eastern District. *Id.*

The court also held that, even if Plaintiff had alleged that an act of infringement occurred in the

Eastern District, she did not allege any facts suggesting that Defendant had a regular and

established place of business there. *Id.* at 4. The court therefore dismissed the complaint for

improper venue, which it characterized as failure to state a claim under Fed. R. Civ. P. 12(b)(6),

but granted Plaintiff 30 days' leave to file an amended complaint.[4] Plaintiff did not file an

amended complaint, and on December 29, 2022, the court dismissed the action and entered

judgment. Records available on the Public Access to Court Electronic Records ("PACER") do

not show that Plaintiff appealed the district court's decision.

### DISCUSSION

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d

6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of

Civil Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft

v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)). To review a complaint for plausibility, the court accepts all well-pleaded factual

---

[3] The court noted that "[a]s applied to domestic corporations, 'reside[ence] in § 1400(b) refers only to the State of incorporation." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. 258, 270 (2017).

[4] In dismissing the complaint, the court noted that, "[p]erhaps if Plaintiff's claim was brought in the Eastern District of Virginia, where Defendant resides, a different outcome would result." *Id.* at 4.

allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint does not comply with Rule 8. Simply stated, it is unclear what claims Plaintiff is asserting. The complaint form includes no indication of the claims Plaintiff is bringing or the factual allegations underlying those claims. Plaintiff's letter to Judge Tarnofsky includes a discussion of the previous action she filed in the Eastern District of New York, facts about attorneys she consulted about that case, and allegations regarding the conduct of the district court judge presiding over that action and the Clerk's Office in the Eastern District. Because the complaint does not indicate what claims Plaintiff is bringing against Defendant or include a short and plain statement showing that she is entitled to relief, it does not comply with Rule 8.

The Court grants Plaintiff leave to file an amended complaint to indicate what claims she is seeking to bring and to allege facts that plausibly support such a claim. If Plaintiff is seeking to reassert the claims that were previously dismissed by the Eastern District of New York, she must indicate that those are the claims she is bringing and show that it is proper to bring the claims in

7

this Court.[5] As stated in Judge DeArcy Hall's order, the proper venue for a patent infringement

claim is "in the judicial district where the defendant resides, or where the defendant has

committed acts of infringement and has a regular and established place of business." 28 U.S.C.

§ 1400(b). If Plaintiff is seeking to assert her patent infringement claims in this Court, she should

allege facts demonstrating that venue is proper in the Southern District of New York.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say at this

stage that amended is futile, the Court grants Plaintiff 60 days' leave to amend her complaint to

detail her claims.

Plaintiff is granted leave to amend her complaint state the legal claims she is asserting

and to provide facts about her claims. In the "Statement of Claim" section of the amended

complaint form, Plaintiff must provide a short and plain statement of the relevant facts

supporting each claim against each defendant. If Plaintiff has an address for any named

defendant, Plaintiff must provide it. Plaintiff should include all of the information in the

---

[5] The Court assumes for the purposes of this order, without deciding, that the Eastern
District dismissed Plaintiff's claims without prejudice to refiling those claims in a court in which
venue is proper.

amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-1316 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 22, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

\_\_\_\_ Civ. _____ ( \_\_\_\_ )

**AMENDED
COMPLAINT**

Jury Trial:  ☐ Yes     ☐ No
(check one)

**I.      Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff      Name _____
                    Street Address _____
                    County, City _____
                    State & Zip Code _____
                    Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

*Rev. 12/2009*                              1

Defendant  No. 1          Name _____

                          Street Address _____

                          County, City _____

                          State & Zip Code _____

                          Telephone Number _____


Defendant  No. 2          Name _____

                          Street Address _____

                          County, City _____

                          State & Zip Code _____

                          Telephone Number _____


Defendant  No. 3          Name _____

                          Street Address _____

                          County, City _____

                          State & Zip Code _____

                          Telephone Number _____


Defendant  No. 4          Name _____

                          Street Address _____

                          County, City _____

                          State & Zip Code _____

                          Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.      What is the basis for federal court jurisdiction?  *(check all that apply)*

        ☐ Federal Questions              ☐ Diversity of Citizenship

B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

        _____

        _____

C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

        Plaintiff(s) state(s) of citizenship _____

        Defendant(s) state(s) of citizenship _____

        _____

*Rev. 12/2009*                                    2

### III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.    Facts: _____

_____

| What happened to you? |

_____

_____

_____

_____

| Who did what? |

_____

_____

_____

| Was anyone else involved? |

_____

_____

| Who else saw what happened? |

_____

_____

_____

### IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

|  |  |
|---|---|
| Signature of Plaintiff | _____ |
| Mailing Address | _____ |
| | _____ |
| | _____ |
| Telephone Number | _____ |
| Fax Number *(if you have one)* | _____ |


Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

|  |  |
|---|---|
| Signature of Plaintiff: | _____ |
| Inmate Number | _____ |