UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RACHEL OHANA,<br><br>                       Plaintiff,<br><br>-against-<br><br>MARS PETCARE US, INC.; ANNA CONSUMER RELATIONS; SHERI CONSUMER RELATIONS,<br><br>                       Defendants. | 24-CV-1316 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a resident of Brooklyn, Kings County, New York, brings this action *pro se*. The Court construes the amended complaint as asserting claims of patent infringement. Named as Defendants are Mars Petcare US Inc. ("Mars Petcare"), and two of its employees for whom Plaintiff provides only first names. For the reasons set forth below, the Court transfers this action under 28 U.S.C. § 4606 to the United States District Court for the District of Delaware.

## BACKGROUND

The original complaint in this action took the form of a document bearing the caption of this case and a case number from a previous action Plaintiff brought against Defendant Mars Petcare in the United States District Court for the Eastern District of New York. (ECF 1.) That document was styled as a letter to a United States Magistrate Judge Robyn Tarnofsky of this court. Plaintiff's submission was confusing, but appeared to include, among other factual information, allegations that Mars Petcare had infringed on Plaintiff's patented design for a cat food container. By order dated April 22, 2024, the Court determined that the complaint did not comply with Rule 8 of the Federal Rules of Civil Procedure because it did not indicate what

claims Plaintiff was bringing or include a short and plain statement that she was entitled to relief. (ECF 4.)

The Court noted that Plaintiff had previously brought a patent infringement action against Mars Petcare in the United States District Court for the Eastern District of New York, which appeared be based on the same factual allegations. In that case, Judge DeArcy Hall of the Eastern District granted Mars Petcare's motion to dismiss, finding that Plaintiff's complaint failed to "meet the prima facie elements necessary to establish proper venue in the Eastern District of New York." *Ohana v. Mars Petcare US Inc.*, No. 21-CV-1019, ECF 22, at 4 (LDH) (RER) (E.D.N.Y. Dec. 29, 2022). The court noted that venue for patent infringement claims is governed by 28 U.S.C. § 1400(b), which states that venue is proper "[1] in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The court determined that Plaintiff alleged only that Defendant "resides" in Virginia; she did not allege that it was incorporated in the Eastern District of New York.[1] *Id.* at 3. The court further held that Plaintiff failed to allege that the infringement occurred in the Eastern District or that the infringing product was sold in the Eastern District. *Id.* The court also held that, even if Plaintiff had alleged that an act of infringement occurred in the Eastern District, she did not allege any facts suggesting that Defendant had a regular and established place of business there. *Id.* at 4.

In granting Plaintiff leave to file an amended complaint, this Court directed her that, to the extent she is attempting to assert the same patent infringement claims against Mars Petcare

---

[1] The court noted that "[a]s applied to domestic corporations, 'resid[ence] in § 1400(b) refers only to the State of incorporation." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. 258, 270 (2017).

that she brought in the Eastern District of New York, she must allege facts demonstrating that venue is proper in the Southern District of New York.

On June 5, 2024, Plaintiff filed an amended complaint. (ECF 5.) In the amended complaint, Plaintiff makes clear that she is asserting the same patent infringement claims that she brought it the Eastern District of New York. She names as Defendants Mars Petcare, "Anna Consumer Relations," and "Sheri Consumer Relations." (*Id.* at 1, 2.) She does not provide an address for any of the defendants, and she provides only a 1-800 telephone number for the individual defendants.

## DISCUSSION

Under the appropriate venue provision, a federal civil action for patent infringement may be brought "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). For the purpose of this statute, a domestic corporation resides only in its State of incorporation. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 270 (2017).

Here, Plaintiff does not allege where Defendant is incorporated. Plaintiff, who resides in Brooklyn, New York, which is in the Eastern District of New York, does not allege that any of the acts of infringement occurred in this district. Even if the Court were to assume that the alleged infringement did take place here, Plaintiff alleges no facts suggesting that Mars Petcare "has a regular and established place of business" in this district. 28 U.S.C. § 1400(b). Venue for this action is therefore not proper in this district.

Under 28 U.S.C. § 1406(a), if a plaintiff files an action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, because Plaintiff alleges no facts about Defendant's state of incorporation or where it has a regular and established place of

business, the complaint does not suggest a district court in which venue would be proper for her claims.[2] However, other courts have recognized that Mars Petcare is incorporated in the State of Delaware. *See Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 955 (6th Cir. 2017); *Bakopoulos v. Mars Petcare US, Inc.*, 592 F. Supp. 759, 764 n.3 (N.D. Ill. Mar. 22, 2022) ("Mars is a citizen of Delaware and Tennessee[.]"); *Hull v. Mars Petcare US, Inc.*, No. ED CV-18-1021, 2018 WL 3583051, at *1 (C.D. Cal., July 25, 2018) (stating Mars Petcare US, Inc. and Mars, Inc. are both incorporated in the State of Delaware).

Because Mars Petcare is incorporated, and therefore resides in, the State of Delaware, *see TC Heartland LLC*, 581 U.S. at 270, venue for Plaintiff's patent infringement claims appears proper in the District of Delaware. *See* 28 U.S.C. § 1400(b). In the interest of justice, the Court transfers this action to the Untied States District Court for the District of Delaware. 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Delaware. A summons shall not issue from this court. This order closes this case in this court.

---

[2] In Plaintiff's case in the Eastern District of New York, Judge DeArcy Hall suggested that venue for Plaintiff's claims may be proper in the Eastern District of Virginia. *See Ohana*, No. 1:21-CV-1019, ECF 22, at 4 ("Perhaps if Plaintiff's claim was brought in the Eastern District of Virginia, where Defendant resides, a different outcome would result."). This suggestion may have been based on the McLean, Virginia address at which Mars Petcare was served in that action. While Mars Petcare may reside in Virginia, it does not appear to be incorporated there, and nothing in Plaintiff's complaint in this Court suggests that the alleged infringement occurred in Virginia.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 3, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge